IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
               Plaintiff,    )         8:07CR282
                             )
          v.                 )
                             )
MICHAEL L. HILL,             )         MEMORANDUM OPINION
                             )
               Defendant.    )
_____)
```

This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Filing No. 47), the memorandum of law which he filed in support of said motion (Filing No. 49), and the government's response (Filing No. 53).

On August 22, 2007, an indictment was returned, charging the defendant with conspiracy to distribute or possess with intent to distribute cocaine base, with the crime of knowingly and intentionally possessing with intent to distribute cocaine base, and with being a felon in possession of firearms. Count IV of the indictment was a forfeiture count, seeking the forfeiture of the two firearms referenced in Count III. A final order of forfeiture has been entered resolving Count IV, and it is not before the Court at this time.

On October 25, 2007, the defendant, having filed a petition to enter a plea of guilty (Filing No. 19), and a plea agreement (Filing No. 20) entered a plea of guilty to Counts I,

III and IV of the indictment.  At that time, he acknowledged to the Court that he was fully satisfied with the representation he had received from the federal public defender who had been appointed to represent him in this matter.  The Court accepted the pleas and the plea agreement, and on January 10, 2008, sentenced the defendant to a term of eighty-seven (87) months on Count I and eighty-seven (87) months on Count III of the indictment.  Those terms were ordered to run concurrently, and they were to be followed by a term of four (4) years of supervised release as to each Count I and III, which terms were also to run concurrently.

Defendant's plea agreement (Filing No. 20) contained the following provisions in Paragraph 14:

> The defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction, including a waiver of all motions, defenses, and objections which the Defendant could assert to the charges or to the Court's entry of Judgment against the Defendant, including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.
>
> The defendant further knowingly and expressly waives any and all rights to contest the Defendant's conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255 . . . .

Defendant raises no challenge to the effectiveness of counsel appointed to represent him in this matter. While the Court is satisfied that this waiver which he advised he knowingly entered into disposes of his claims, the Court will briefly address his two claims: (1) that Title 18, United States Code, Section 922(g)(1) is unconstitutional by being in direct contravention to the Fifth Amendment which guarantees the privilege against self-incrimination; and (2) that his sentence should be reduced in light of the *Kimbrough* decision, handed down by the Supreme Court.

The record reflects that the defendant through his counsel did file a motion for downward departure of his sentence (Filing No. 30), supported by a brief (Filing No. 32), in which he raised the issue of the application of the decisions of the United States Supreme Court in *Gall v. United States* and *Kimbrough v. United States*. The Court considered those factors in determining defendant's sentence. Thus, this issue was addressed and resolved at his sentencing hearing. He had, of course, waived any right to appeal his sentence in any respect.

The second issue he raises is the unconstitutionality of Title 18, United States Code, Section 922(g)(1), on the grounds that it interferes with his right to not be compelled to incriminate himself. This argument is without merit. *See United States v. Wilson,* 721 F.2d 967 (4th Cir. 1983), and 901 F.2d 378.

The latter cite references the *Wilson* case and denies post-conviction relief.

For all of these reasons, the Court finds that defendant's motion filed pursuant to 28 U.S.C. § 2255 is without merit and should be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 26th day of January, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court